# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION AT MEMPHIS

**Laketha B. Blue,**
    **Plaintiff,**

**vs.**                                                             **No.:**   17-2742

**The Hartford Insurance Company,**
    **Defendant.**

## COMPLAINT

**COMES NOW** your plaintiff, Laketha B. Blue, and by and through counsel and sues the defendant The Hartford Insurance Company, and to cause states and shows to this Honorable Court as follows:

1. The plaintiff is a resident of Walls, Desoto County, Mississippi;

2. That at all times herein mentioned, The Hartford Insurance Company is a Connecticut Corporation with a principle place of business in the State of Connecticut. The defendant is authorized to do and doing business in the State of Tennessee. The policy which is the subject of this litigation was written and entered into in the State of Tennessee. The defendant's agent for service of process is the Tennessee Commissioner of Insurance;

3. This Court has jurisdiction pursuant to 28 USC § 1332(a). There is diversity of citizenship between the parties and the amount in controversy exceeds $100,000.00. Therefore,

diversity exists in this cause of action.  Moreover, this Court has jurisdiction by virtue of the Employee Retirement and Income Security Act of 1974;

    4.    This is a civil action to recover long-term disability benefits pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (herein ERISA);

    5.    The plaintiff by virtue of her employment with Methodist Le Bonheur Healthcare was provided a long-term disability policy with the defendant.  The group number is GLT675642 and the claim number is 9004510870;

    6.    On January 2, 2015, the plaintiff applied for long-term disability benefits under this policy due to numerous injuries and medical disabilities;

    7.    On or about March 30, 2015, The Hartford wrote the defendant acknowledging receipt of the properly claimed application for long-term disability benefits and requesting additional medical records to properly examine the claim;

    8.    On April 8, 2015, The Hartford wrote the plaintiff informing her that her claim was still being reviewed and that additional medical records were necessary;

    9.    On April 17, 2015, The Hartford wrote the plaintiff a letter requesting she complete an authorization form to obtain records from Baptist Memorial Hospital;

    10.    On or about May 1, 2015, The Hartford wrote the plaintiff informing her that they were still examining her claim for long-term disability benefits.  The Hartford expressed concern regarding whether some of her conditions were preexisting;

    11.    On or about June 1, 2015, The Hartford wrote the plaintiff informing her that she had been approved for long-term disability benefits;

    12.    On April 19, 2016, The Hartford mailed a letter to the plaintiff requesting MRI results from her treating physician Dr. Varner;

13. On or about July 20, 2016, The Hartford mailed a letter to the plaintiff explaining to her that the claim was being evaluating to determine if she would still qualify for benefits on and after January 16, 2017;

14. On October 20, 2016, The Hartford wrote the plaintiff requesting additional information regarding her claim for her application for Social Security Disability;

15. On or about November 15, 2016, The Hartford wrote the claimant informing her that they had requested an update attending physician statement to certify her continuing disability;

16. On or about December 23, 2016, The Hartford mailed a letter to the plaintiff informing her that her long-term disability benefits were not payable after January 15, 2017;

17. The plaintiff timely appealed this decision and provided the defendant with a letter from her treating doctor, James Varner, M.D., which stated that she was "totally and permanently disabled as it relates to her ability to engage in any gainful employment."

18. On or about March 13, 2017, The Hartford wrote a letter in which they upheld the decision to terminate long-term disability benefits.  Much of their decision was based upon opinions by medical doctors who reviewed other medical records in connection with this claim but did not treat her or even discuss her condition with her over the telephone;

19. The plaintiff has been **"DISABLED"** for disability benefits since the termination date due to the medical conditions which she suffers;

20. The plaintiff has appealed all administrative denials and has exhausted administrative remedies.  The letter dated March 13, 2017 states "This determination as described above and the above analysis represents our final decision on this claim."

21.    The plaintiff's condition renders her **"DISABLED"** as defined under **"DEFINITION OF DISABILITY"** under the group policy which is the subject of this litigation;

22.    The defendant has failed to pay benefits for said policy and plans of benefits currently amounting to 66 2/3 of her gross income for each month she is unable to engage in substantial gainful activity;

23.    There will be additional benefits accruing after filing this lawsuit as the plaintiff remains disabled;

24.    The defendant's denial of disability benefits is arbitrary and capricious as defined by the Sixth Circuit case law governing ERISA claims.

**WHEREFORE,** the plaintiff prays for judgment against the defendant for all approved benefits, for any months she is disabled under the policy, for pre-judgment and post-judgment interest, for future benefits, for attorney fees, discretionary cost and any other relief the Court deems just and proper under the circumstances.

    Respectfully submitted,

/s/ John E. Dunlap
John E. Dunlap (013223)
Attorney for the Plaintiff
3294 Poplar Avenue, No. 240
Memphis, Tennessee 38111
(901) 320-1603
(901) 320-6914
jdunlap00@gmail.com