# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| LAKETHA B. BLUE, | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) CV No.: 2:17-CV-2742-JPM-TMP |
| THE HARTFORD INSURANCE COMPANY, | ) |
|     Defendant. | ) |

## HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Hartford Life and Accident Insurance Company ("Hartford" or "Defendant"), improperly referred to as "The Hartford Insurance Company," by and through its undersigned counsel, submits this Answer to Plaintiff's Complaint. Unless expressly admitted herein, Hartford denies the material allegations of the Complaint and demands strict proof thereof. Hartford responds to the individually numbered allegations of the Complaint as follows:

1. Upon information and belief, Hartford admits the allegations of paragraph 1 of Plaintiff's Complaint.

2. In response to the allegations of paragraph 2 of Plaintiff's Complaint, Hartford admits that it is an insurance company headquartered in Connecticut and authorized to do business in the State of Tennessee. It also admits that it may be served with process in Tennessee through the Commissioner of the Tennessee

Department of Commerce and Insurance. Hartford further admits that it issued Group Policy No. GLT-675642 (the "Policy") to Methodist Le Bonheur Healthcare ("Methodist") to insure the long-term disability ("LTD") portion of Methodist's employee welfare benefit plan (the "Plan"). Hartford states that the Policy was delivered in Tennessee.

3. In response to the allegations of paragraph 3 of Plaintiff's Complaint, Hartford states that jurisdiction is proper in this Court. Hartford further agrees that the parties are of diverse citizenship but states that the Administrative Record, which contains the evidence collected and considered in support of Plaintiff's claim, speaks for itself with regard to the value of Plaintiff's claim. To the extent the allegations of the paragraph constitute legal theories or conclusions, Hartford states that no response is required. Hartford denies the remaining allegations of the paragraph and demands strict proof thereof.

4. To the extent the allegations of the paragraph constitute legal theories or conclusions, Hartford states that no response is required. To the extent a response is required, Hartford admits that Plaintiff purports to state claims pursuant to ERISA.

5. In response to the allegations in paragraph 5 of Plaintiff's Complaint, Hartford admits that it issued the Policy to Methodist, Plaintiff's former employer.

While employed by Methodist, Plaintiff was eligible for coverage under the LTD Policy. Hartford denies the remaining allegations of this paragraph.

6. In response to the allegations of paragraph 6 of Plaintiff's Complaint, Hartford admits that Plaintiff submitted a claim for LTD benefits in or around March 2015. Hartford states that the Administrative Record, which consists of the evidence collected and considered in support of Plaintiff's claim, speaks for itself with regard to Plaintiff's claim and medical condition. Hartford denies the remaining allegations of the paragraph, particularly those that suggest, implicitly or explicitly, that Plaintiff was 'disabled,' as that term is defined by the Policy, beyond January 15, 2017.

7. In response to the allegations of paragraph 7 of Plaintiff's Complaint, Hartford states that its March 30, 2015 letter speaks for itself. Hartford denies the remaining allegations of the paragraph to the extent they do not constitute a complete or accurate reflection of the evidence in the Administrative Record.

8. In response to the allegations of paragraph 8 of Plaintiff's Complaint, Hartford states that its April 8, 2015 letter speaks for itself. Hartford denies the remaining allegations of the paragraph to the extent they do not constitute a complete or accurate reflection of the evidence in the Administrative Record.

9. In response to the allegations of paragraph 9 of Plaintiff's Complaint, Hartford states that its April 17, 2015 letter speaks for itself. Hartford denies the

remaining allegations of the paragraph to the extent they do not constitute a complete or accurate reflection of the evidence in the Administrative Record.

10. In response to the allegations of paragraph 10 of Plaintiff's Complaint, Hartford states that its May 1, 2015 letter speaks for itself. Hartford denies the remaining allegations of the paragraph to the extent they do not constitute a complete or accurate reflection of the evidence in the Administrative Record.

11. In response to the allegations of paragraph 11 of Plaintiff's Complaint, Hartford states that its June 1, 2015 letter speaks for itself. Hartford further admits that it awarded Plaintiff LTD benefits, effective January 16, 2015. Hartford denies the remaining allegations of the paragraph to the extent they do not constitute a complete or accurate reflection of the evidence in the Administrative Record or to the extent they suggest, implicitly or explicitly, that Plaintiff was 'disabled,' as that term is defined by the Policy, beyond January 15, 2017.

12. In response to the allegations of paragraph 12 of Plaintiff's Complaint, Hartford states that its April 19, 2016 letter speaks for itself. Further, the Administrative Record speaks for itself with regard to the evidence collected and considered in support of Plaintiff's claim. Hartford denies the remaining allegations of the paragraph to the extent they do not constitute a complete or accurate reflection of the evidence in the Administrative Record.

13. In response to the allegations of paragraph 13 of Plaintiff's Complaint, Hartford states that its July 20, 2016 letter speaks for itself. Hartford denies the remaining allegations of the paragraph to the extent they do not constitute a complete or accurate reflection of the evidence in the Administrative Record.

14. In response to the allegations of paragraph 14 of Plaintiff's Complaint, Hartford states that its October 20, 2016 letter speaks for itself. Further, the Administrative Record speaks for itself with regard to the evidence collected and considered in support of Plaintiff's claim. Hartford denies the remaining allegations of the paragraph to the extent they do not constitute a complete or accurate reflection of the evidence in the Administrative Record.

15. In response to the allegations of paragraph 15 of Plaintiff's Complaint, Hartford states that its November 15, 2016 letter speaks for itself. Further, the Administrative Record speaks for itself with regard to the evidence collected and considered in support of Plaintiff's claim. Hartford denies the remaining allegations of the paragraph to the extent they do not constitute a complete or accurate reflection of the evidence in the Administrative Record.

16. In response to the allegations of paragraph 16 of Plaintiff's Complaint, Hartford states that it terminated Plaintiff's claim for LTD benefits by letter dated December 23, 2016. Said letter speaks for itself. Hartford denies the

remaining allegations of the paragraph to the extent they do not constitute a complete or accurate reflection of the evidence in the Administrative Record.

17. In response to the allegations of paragraph 17 of Plaintiff's Complaint, Hartford admits that Plaintiff submitted an appeal in or around January 2017. Hartford states that said appeal submission speaks for itself, and that the Administrative Record as a whole speaks for itself with regard to the evidence collected and considered in support of Plaintiff's appeal. Hartford denies the remaining allegations of the paragraph to the extent they do not constitute a complete or accurate reflection of the evidence in the Administrative Record or to the extent they suggest, implicitly or explicitly, that Plaintiff was 'disabled,' as that term is defined by the Policy, beyond January 15, 2017.

18. In response to the allegations of paragraph 18 of Plaintiff's Complaint, Hartford states that it denied Plaintiff's appeal by letter dated March 13, 2017. Said letter speaks for itself. Hartford denies the remaining allegations of the paragraph to the extent they do not constitute a complete or accurate reflection of the evidence in the Administrative Record or to the extent they suggest, implicitly or explicitly, that Plaintiff was 'disabled,' as that term is defined by the Policy, beyond January 15, 2017.

19. Hartford denies the allegations of paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20. In response to the allegations of paragraph 20 of Plaintiff's Complaint, Hartford admits that Plaintiff has exhausted any administrative remedies with respect to her claim for LTD benefits.

21. Hartford denies the allegations of paragraph 21 of Plaintiff's Complaint and demands strict proof thereof. Without waiver, and in further response, Hartford states that the Policy speaks for itself and is the best evidence of its terms and conditions.

22. In response to the allegations of paragraph 22 of Plaintiff's Complaint, Hartford states that it has not paid LTD benefits to Plaintiff beyond January 15, 2017, but denies that Plaintiff is due such benefits.

23. Hartford denies the allegations of paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24. The allegations of paragraph 24 of Plaintiff's Complaint constitute legal theories or conclusions, to which no response is required. To the extent a response is required, Hartford denies the allegations of the paragraph.

In response to the unnumbered 'Wherefore' clause at the conclusion of Plaintiff's Complaint, Hartford states that Plaintiff is not due the relief requested therein or any relief whatsoever. Hartford further states that Plaintiff's Complaint is due to be dismissed.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, Hartford reserves the right to plead that Plaintiff's claims for relief are preempted and governed by ERISA. Hartford further reserves all affirmative defenses that may be available to it based on ERISA preemption and federal question jurisdiction of this matter.

### SECOND DEFENSE

The adjudication of Plaintiff's claim was fair, reasonable, based on substantial evidence, and consistent with the terms and intent of the Policy.

### THIRD DEFENSE

Hartford avers that Plaintiff's claims are barred by the applicable statute of limitations, statute of frauds, res judicata, collateral estoppel, waiver, contributory negligence, accord and satisfaction, failure to read, voluntary payment, ratification, acquiescence, consent, release and/or estoppel.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in the part, by the parol evidence rule.

**FIFTH DEFENSE**

Plaintiff's alleged losses were not foreseeable.

**SIXTH DEFENSE**

Plaintiff is barred from recovery in this action because of her failure to mitigate her alleged damages, if any.

**SEVENTH DEFENSE**

If Plaintiff recovers benefits under the Policy, such benefits are subject to all of the applicable terms, conditions, and exclusions provided for in the Policy.

**EIGHTH DEFENSE**

The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the Policy.

**NINTH DEFENSE**

Plaintiff cannot rely on medical evidence never presented to Hartford during the claims process to support her claims.

**TENTH DEFENSE**

Hartford denies the material allegations of the Complaint and demands strict proof thereof.

**ELEVENTH DEFENSE**

Hartford is not guilty of the matters and things alleged in the Complaint. Hartford denies that it has engaged in any inappropriate conduct as pled by the

Plaintiff which would entitle Plaintiff to an award of damages of any kind or character as pled.

## TWELFTH DEFENSE

Plaintiff has failed to meet her burden of proving ongoing disability under the terms and conditions of Group Policy No. GLT-675642.

## THIRTEENTH DEFENSE

Hartford contends that it had reasonable and probable cause for denying Plaintiff's claim, and that the termination decision was correct and based upon substantial evidence.

## FOURTEENTH DEFENSE

Plaintiff has suffered no damages as a result of the matters alleged in the Complaint.

## FIFTEENTH DEFENSE

Hartford denies that Plaintiff was injured or harmed in any way by any alleged act or omission by Defendant or its agents.

## SIXTEENTH DEFENSE

Hartford was not the proximate cause of Plaintiff's alleged damages and losses.

## SEVENTEENTH DEFENSE

At all times relevant to the above-captioned action, the Policy has been

administered pursuant to its terms and in conformity with applicable law.

## EIGHTEENTH DEFENSE

Hartford raises each and every affirmative defense required to be pled by applicable rules of civil procedure should said defenses become applicable as this action proceeds.

## RESERVATION OF DEFENSES

Hartford reserves the right to assert other defenses and claims when and if they become appropriate during this action.

WHEREFORE, Hartford, by and through its counsel, respectfully requests the Court to enter an Order dismissing Plaintiff's Complaint; awarding Hartford the costs expended herein; and granting such further relief as the Court deems just and proper.

*/s/ Grace R. Murphy*
William B. Wahlheim, Jr. BPR # 31582
Grace R. Murphy
WDTN Admission # 9782a64rA
*Attorneys for Defendant Hartford Life and Accident Insurance Company*

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400, Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
T: (205) 254-1000
F: (205) 254-1999
wwahlheim@maynardcooper.com
gmurphy@maynardcooper.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: John E. Dunlap, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

[none]

*/s/ Grace R. Murphy*
OF COUNSEL